

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. T. McMillin
Deputy Commissioner
Department of Banking
Austin, Texas

Dear Mr. McMillin:

Opinion No. O-3149

Re: Whether or not Article 554
P. C., known as the Bank
Loan Limit Law, is violated
where the bank's loan, other-
wise an excessive loan, is
made upon the RFC participat-
ion agreement.

We beg to acknowledge receipt of your letter of
February 11, 1941, requesting an opinion, as follows:

"You, of course, are aware that the Recon-
struction Finance Corporation, a Federal instru-
mentality, acting pursuant to Federal Statute,
is offering financial assistance to business
men through the execution of participation agree-
ments, executed on R.F.C. Form L-300, a copy of
which is hereto attached. The mechanics of the
operation, as I understand them, are these:

"A business man desiring a substantial loan
applies to the Reconstruction Finance Corporation
for a loan. The Corporation generally is unwill-
ing to make loans directly. Instead, it suggests
to the borrower that he apply to his local bank
for the loan and that the Reconstruction Finance
Corporation to assist him in obtaining the loan
will execute a participation agreement in favor
of the bank on the form above mentioned, agreeing
upon demand to purchase a stipulated percentage
of the loan upon being requested to do so by the
bank. With these facts in mind, I respectfully
ask whether or not there is a violation under Arti-
cle 554 of the Penal Code of Texas in the following
fact situation:

Hon. J. T. McMillin - Page 2

"A State banking corporation has a loan limit of $20,000.00. It makes a loan to an individual for $40,000.00 and simultaneously with the loan the R.F.C. executes a participation agreement on the form above mentioned, agreeing on demand to purchase a $20,000.00 participation in the loan."

It is the opinion of this department that the participation plan outlined by you, and more specifically shown in the participation agreement, form of which accompanies your letter, does not relieve the overloan of a bank from the prohibition contained in Penal Code, Article 554.

Article 554 is as follows:

"No incorporated bank or trust company chartered under the laws of this State shall loan its money, directly or indirectly, or permit any individual, private corporation, company or firm to become at any time indebted or liable to it in a sum exceeding twenty-five per cent of its capital stock actually paid in and surplus, or permit a line of loans or credits to any greater amount to any individual, private corporation, company or firm. Any agent or officer of any incorporated bank or trust company who violates any provision of this Article shall be fined not less than One Hundred nor more than Five Hundred Dollars, or be imprisoned in jail for not less than thirty nor more than ninety days, or both. All loans to members of any unincorporated company or firm shall be considered as if they were loans to such company or firm in determining the limitation here prescribed. The discount of commercial or business paper actually owned by the person negotiating the same shall not be considered as borrowed money; a permanent surplus, the setting apart of which shall have been certified to the Banking Commissioner and which cannot be diverted without due notice to and consent of said officer, may be taken and considered as a part of the capital stock of this article. In no event shall

any such loan exceed twenty-five per cent of the authorized capital stock and certified surplus. Provided, however, that the word 'corporation' or any other word or term as hereinabove used shall not be taken to include or to refer to a municipal corporation, county or any district created for school or any other State or local public purpose."

The vice of an overloan, where there is one, exists from the moment the transaction is completed and the bank has parted with its money, and the agreement of another to purchase the excess portion of such loan, or the entire loan, as to that, does not purge the transaction of invalidity.

Moreover, the form of participation agreement under consideration is not even an unconditional agreement upon the part of the Reconstruction Finance Corporation to purchase a participating interest in the loan. The agreement does purport to purchase for cash from the bank a participation interest, but it recites:

"Subject to the following terms and conditions: * * * (2) Upon five days' written notice RFC may at its option at any time purchase its agreed participation in said loan (in which event bank shall simultaneously issue to RFC a participation certificate on RFC Form L-301) or said loan in its entirety; and upon five (5) days' written notice bank may at its option any time purchase RFC's interest in said loan."

It is thus plain the instrument contemplates that the purchase of the participation interest in the loan is to be at the option of the Reconstruction Finance Corporation.

In construing the law, we are not to be swerved by the hardships that may follow -- we are concerned only with the true interpretation of the statute. We would not be justified in attempting to relax the rigors of a

statute where the statute itself is plain and unambig-
uous.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 21, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ocie Speer
Assistant

OS-MR



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN